IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vickie Ann Dean,<br><br>  Petitioner,<br><br>vs.<br><br>Charles L. Ryan,* et al.,<br><br>  Respondents. | No. CIV 08-0312-PHX-JWS (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE JOHN W. SEDWICK, UNITED STATES DISTRICT JUDGE:

Vickie Ann Dean filed a petition for writ of habeas corpus on February 19, 2008, challenging her convictions in Maricopa County Superior Court for Armed Robbery, Burglary and Forgery, with prior convictions, and the imposition of concurrent prison terms, the longest being 15.75 years. She presents four grounds for habeas relief: (1) ineffective assistance of counsel; (2) a *Blakely* sentencing violation; (3) Fifth and Sixth Amendment violations; and (4) a conflict of interest between state offices and/or agencies. Respondents contend that Dean's petition is untimely. The Court agrees and recommends that her petition be denied and dismissed with prejudice.

Dean pleaded guilty on October 16, 2002, and was sentenced on November 15, 2002 (Doc. #13, Exh O-W). She filed a notice of post-conviction relief on January 13, 2003; on

---

* Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Charles L. Ryan, the Interim Director of the Arizona Department of Corrections, replaces Dora Schriro.

August 11, 2003, counsel filed a notice indicating that he had been unable to find any claims for relief, and requested an extension of time to allow Dean to file a *pro per* petition (*Id.*, Exh X, Y). On November 25, 2003, the trial court summarily dismissed Dean's post-conviction proceedings because she had failed to file a petition (*Id.*, Exh Z). On October 15, 2004, Dean filed a second notice of post-conviction relief, asserting a *Blakeley* claim (*Id.*, Exh AA). On April 22, 2005, the trial court dismissed Dean's notice of post-conviction relief, ruling that *Blakely* does not apply retroactively to convictions that are final, and that her conviction had become final when the time passed for appellate review of her Rule 32 of-right proceedings (*Id.*, Exh BB). On May 20, 2005, Dean filed a petition for review with the Arizona Court of Appeals; on January 27, 2006, the court of appeals denied review (Doc. #1, Attachment). On February 14, 2006, Dean filed a petition for review with the Arizona Supreme Court; on July 7, 2006, the supreme court denied review (*Id.*). On August 13, 2007, Dean filed in this Court a motion for extension of time within which to file a habeas petition (Doc. #1, Attachment). On August 28, 2007, the Court denied her motion, construing her motion as one seeking an advisory opinion regarding the application of time limits for filing a habeas petition as a state court prisoner (Doc. #1, Attachment). The Court ruled that it lacked jurisdiction to entertain such a motion (*Id.*). Dean filed her federal petition on February 19, 2008.

Dean was required to file her federal petition within 1 year of the date the judgment of conviction became final in state court "by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A). Pursuant to section 2244(d)(2), "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." However, an untimely pleading in state court does not statutorily toll the limitations period. *See Allen v. Siebert*, 552 U.S. 3, 5 (2007). An untimely state post-conviction petition is not properly filed within the meaning of the statute even if the state court also examines the merits of the claim or the

timeliness ruling is "entangled with the merits." *Pace v. DiGuglielmo*, 544 U.S. 408, 413-415 (2005).

Dean's conviction became final and the limitations period began to run on November 15, 2002, the day she was sentenced, and it was tolled 59 days later on January 13, 2003, when she timely filed her notice of post-conviction relief. *See Isley v. Az. Dept. of Corrections*, 383 F.3d 1054, 1055 (9th Cir. 2004). It remained tolled until November 25, 2003, when the trial court dismissed her post-conviction proceedings. Dean filed a second notice of post-conviction relief 325 days later, *during which time Dean had no properly filed post-conviction application pending*. Her second petition did not toll the already running limitations period, because the notice was untimely. *See Siebert*. Indeed, the limitations period had already expired when she filed her second petition, and its filing did not serve to restart the clock once the one-year period had lapsed. *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). Therefore, her federal petition, filed over three and one half years after the expiration of the limitations period, is untimely. Finally, assuming that federal courts have the authority to create equitable exceptions to jurisdictional time limitations set by Congress, *see Bowles v. Russell*, 551 U.S. 205 (2007), Dean is not entitled to equitable tolling. She has not shown extraordinary circumstances beyond her control which made it impossible for her to timely file: that she diligently pursued her rights and that some "extraordinary circumstance stood in her way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The record shows instead a lack of diligence on her part, as indicated by long periods of time between pleadings filed in state court.

**IT IS THEREFORE RECOMMENDED** that Vickie Ann Dean's petition for writ of habeas corpus be **denied and dismissed with prejudice** (Doc. #1).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within

which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 26th day of October, 2009.

_____
David K. Duncan
United States Magistrate Judge